UNITED STATES *v.* WINTER & SMILLIE (No. 1206).[1]

REEDS UNMANUFACTURED AND IN THE ROUGH.

Reeds imported in the rough in the crudest form in which such reeds are imported are unmanufactured, and fall within the terms of paragraph 713 of the act of 1909 for " reeds unmanufactured * * * or not further advanced than cut into lengths suitable for sticks for umbrellas, parasols, sunshades, etc.," although not suitable for sticks, etc. The fact that a further provision or exception extended the paragraph to reeds partly manufactured. to wit, when advanced but not further than cut into lengths suitable for sticks, etc., does not exclude the importation in question therefrom. The further provision was not designed as restrictive, but the words employed are words of extension.

United States Court of Customs Appeals, November 28, 1913.

APPEAL from Board of United States General Appraisers, Abstract 32085 (T. D. 33362).

[Affirmed.]

*William L. Wemple,* Assistant Attorney General (*Charles D. Lawrence,* special attorney, on the brief), for the United States.

*B. A. Levett* for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

The merchandise the subject of controversy in this case is reported by the appraiser to consist of round reeds manufactured from rattan,

---

measuring less than 7 millimeters in diameter. The testimony introduced in the record shows that the merchandise in its present form is properly designated as a reed, and counsel for the Government concedes that it should be so treated on the strength of earlier decisions relating to this class of merchandise. The finding of the board is that it is the crudest form of reed imported, and this finding is fully sustained by the testimony. It is, as reported, less than 7 millimeters in diameter. It is not suitable for sticks for umbrellas, parasols, or sunshades. The question presented is whether it is classifiable under the provision of paragraph 212, which reads:

Chair cane or reeds wrought or manufactured from rattan or reeds, * * * 10 per centum ad valorem—

or as free of duty under paragraph 713 as—

Rattan, reeds unmanufactured * * * or not further advanced than cut into lengths suitable for sticks for umbrellas, parasols, sunshades, whips, fishing rods, or walking canes.

The board held the article entitled to free entry on the authority of Foppes *v.* Magone (40 Fed., 570). In this case it was said:

It appears * * * that the core or central part of the rattan which is left after the stripping, is known in trade and commerce, and was for many years prior to the passage of the act of 1883 well known in trade and commerce, as a "reed." Upon that point there is no dispute on the testimony. It appears, then, that when the rattan has gone through this first transformation there is left the external rind, cut into narrow strips, and the inner core, which is commercially a "reed," and which, therefore, must be taken to be a reed within the meaning of the tariff act. With it as a reed, then, we are concerned. If it is a reed, unmanufactured, it comes in free; if a reed, manufactured, it should pay 10 per cent duty. Now, the central core or round reed * * * is in the same condition in which nature produced it, except that the outer covering or enamel, which made it a rattan, has been stripped off. Nothing other or different has been done to it than that. In other words, it is one of the products of the first process of manufacture to which the rattan is subjected; and when that first process is completed, and this product, the reed, is produced, it is a reed, pure and simple, and in the first condition in which a reed, as such, is known to the tariff. I can not see, therefore, that the round reeds can fairly be held to be "reeds, manufactured." ·

This statement accurately describes the importation here under consideration, and except for the contention of the Government that it should be distinguished because of modifications of the tariff law and of later decisions would be persuasive, if not controlling. Government counsel, however, contends that the case should be distinguished and has been distinguished by the board and the courts in cases arising under statutes later than that there considered, including the act of 1909.

Certain results may be stated as having been reached, first, that the hard substance of the reed produced as the present reed is from

rattan and of a size suitable for sticks, etc., has generally been held free of duty, and later, upon fuller records, the soft pith has been likewise held free of duty when of a size admitting of its being used for sticks for umbrellas, canes, etc. But in some of the board cases the crude pith or reed less than 7 millimeters in diameter has been held unsuitable for sticks and not entitled to free entry.

There has been some confusion in the cases. To illustrate: In G. A. 761 (T. D. 11586) an opinion by Wilkinson, General Appraiser, in construing paragraph 229 of the act of 1890, which provided for chair canes or reeds wrought or manufactured from rattan or reeds, and whether round, square, or any other shape, 10 per cent ad valorem, in connection with a provision in the free list (paragraph 756) for reeds in the rough or not further manufactured or cut into lengths suitable for sticks, etc., it was said:

> Paragraph 229 provides for "chair cane, or reeds, wrought or manufactured from rattans or reeds." We are of the opinion that the correct construction of this paragraph is "chair canes or chair reeds," for any other rendering would lead to such absurd phraseology as "reeds wrought or manufactured from reeds." As the rattans in question are not chair canes or reeds, the classification under paragraph 229 was erroneous.

This decision was announced in 1891. In 1892, in G. A. 1665 (T. D. 13244), it was said:

> Rattans with the bark or skin peeled off are known as reeds. Those reeds may be and are often converted by one or more drawings through cutting machines into smaller reeds, round, oval, square, or flat. A reed wrought from rattan may thus be manufactured into small reeds, such as the "Chinese reed," which is used in making brooms, or the reed winding, which is used in the manufacture of chairs, baby carriages, etc.
>
> Paragraph 229 says: "Chair cane or reeds, wrought or manufactured from rattan or reeds." A construction of the paragraph to better exhibit the intent of Congress would be "chair cane and reeds, wrought," etc.
>
> Paragraph 756 provides for reeds in the rough not otherwise specially provided for or not further manufactured than cut into lengths suitable for sticks for whips, etc. The only reeds in the rough which have come under our observation are reeds made from rattans, but as they are specially provided for without any limitation in paragraph 229 the exemption does not operate in their favor.

The board, however, held in further discussion that the provision for reeds which were suitable to cut into lengths for sticks or whips was a controlling provision and that stock of that character was entitled to free entry. The reason for a departure from the construction which was placed upon paragraph 229 in the earlier decision and the adoption of the altogether arbitrary one of substituting the construction "chair cane and reeds wrought" in place of the language employed by the paragraph is not stated. Nor is it clear how it could be consistently said that the crudest form of reeds were specially provided for as reeds wrought, but that the same n. s. p. f.

provision should not be extended to include such material which might be cut into sticks or whips, etc., and thus further advanced.

But the case cited by and relied upon by the Government of Foppes *v*. United States (154 Fed., 866) does not rest upon any distinction between reeds which are suitable to be cut into lengths for sticks or whips and other reeds in the rough. The decision in that case reads as follows:

These are reeds of rattan, from which the outside that is used for seating chairs has been removed, not further manufactured than cut into lengths suitable for whips. Chair cane, or reeds manufactured from rattans or reeds are dutiable at 10 per cent; while reeds with other woods in the rough and not further manufactured than cut into lengths are free. These reeds are not exactly in the rough; and the reeds associated with chair cane do not seem to be confined to chair reeds. These seem to be reeds wrought from rattans and to be dutiable at 10 per cent, as assessed.

It will be seen that the court made no distinction in that opinion between reeds which were suitable for cutting into lengths and other reeds produced from rattan, and it is to be clearly inferred from the record and the discussion of counsel that this broad holding has not been followed by the assessing officers, and it is to be noted that the opinion itself does not show precisely what the condition of the reeds were which were under consideration. They were described as not exactly in the rough, whatever that may mean. In the present case, however, the reeds are described as the crudest reed ever imported.

In my own view, a sufficient ground for maintaining the contention of the importer can be found in either of these two provisions. The provision of paragraph 212 for chair cane or reeds wrought or manufactured from rattans or reeds, as it was very aptly stated in the opinion of Wilkinson, General Appraiser, first above quoted, can not be given full force without restricting it to chair cane or chair reeds. The chair reeds when wrought or manufactured from rattans or reeds were made subject to a duty of 10 per cent ad valorem. But only when so wrought, and only when wrought to a condition which properly designated them as chair reeds. Now, in the free list reeds unmanufactured are provided for when in the rough. That in the present case the reeds are unmanufactured, and that they are in the rough, being the crudest material imported as reeds, and, in fact, corresponding with the reeds referred to in Foppes *v*. Magone, *supra*, as the first evolution of the reed from the rattan, is made clear from the record. The fact that reeds thus far advanced may not (and still be within the exemption) be further advanced than cut into lengths suitable for sticks, etc., does not lead to the conclusion that reeds which can not be or are not susceptible of being so advanced (whether they are advanced beyond the stage in the rough within the meaning of the paragraph) are excluded from the paragraph.

The paragraph should be construed in the alternative if reeds are unmanufactured and in the rough. They fall clearly within the terms thus far. But a further provision or exception was provided extending the terms to reeds partly manufactured, to wit, advanced but not advanced further than cut into lengths suitable for sticks, etc. These words are not words of restriction, but words of extension.

The board therefore reached the correct conclusion and the decision should be *affirmed*.