UNITED STATES *v.* GERDAU Co. (No. 1405).[1]

1. CHAIR REEDS—REEDS UNMANUFACTURED.

Following Rattan & Cane Co. *v.* United States, (T. D. 35247), it is held that the provision for chair reeds covered by paragraph 212, tariff act of 1909, is more specific than the provision for reeds unmanufactured.

2. PRESUMPTION IN FAVOR OF COLLECTOR'S CLASSIFICATION.

The reeds in question having been assessed as chair reeds, the presumption that the correct classification was adopted by the collector imposes upon the importer the burden of overcoming that presumption by proof. An analysis of the testimony in this case shows that the importer failed in sustaining this burden.

3. "CHAIR REEDS."

Whether chair reeds are limited to such reeds as are chiefly used in the manufacture of chairs or whether the words are to be taken as denominative, including a recognized article adapted to use in making chairs, is not decided.

---

[1] Reported in T. D. 35248 (28 Treas. Dec., 454).

United States Court of Customs Appeals, March 18, 1915.

APPEAL from Board of United States General Appraisers, Abstract 35066 (T. D. 34279).

[Reversed.]

*Bert Hanson*, Assistant Attorney General (*Charles E. McNabb*, assistant attorney, of counsel), for the United States.
*Brooks & Brooks* for appellee.

Before MONTGOMERY, SMITH, BARBER, DE VRIES and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

This case concerns reeds manufactured from rattan by a process similar to that described in the opinion in Rattan & Cane Co. *v.* United States (6 Ct. Cust. Appls., 1; T. D. 35247). The product is not distinguishable from the product in that case. The board, in the present case, held that the merchandise is similar to that which was the subject of decision in United States *v.* Winter & Smillie (4 Ct. Cust. Appls., 522; T. D. 33939) and sustained the protest. The points of difference between the present importation and that involved in the Winter & Smillie case are stated in the opinion of Rattan & Cane Co. *v.* United States, *supra,* in which latter case it is said—

That the dutiable provision for "chair reeds" is more specific than the free list provision for "reeds unmanufactured," and should govern any importation which may be susceptible of both descriptions. It may also be noted that there are importations of unmanufactured round reeds such as are not capable of use in the manufacture of chairs. The reeds involved in the Winter & Smillie case, *supra,* belonged to this kind, they being Chinese reeds suitable only to be made into brooms.

The only question in the present case, therefore, is a question as to whether the reeds the subject of importation here fall within the description of chair reeds.

That they are suitable for use as such and are actually so used is unquestioned. The testimony of the witness for the importer was as follows:

Q. You are familiar with the uses of these reeds, are you?—A. I am.
Q. What are the uses?—A. Baby carriages, chairs.
Q. Cane is used for the same purpose, isn't it?—A. Cane is used for seating the chair, while this is used for producing the whole chair, not the seat alone.
Q. Any other use?—A. Oh, a thousand other uses, but that is what they are mainly used for.

The construction of this testimony most favorable to the importer would lead to uncertainty as to whether the use of these reeds as chair reeds was their chief use. As the burden of proof rested with the importer to show error in the assessment, it must be said that the importer has failed in establishing his case.

It follows that in any view of the case, whether we consider that the term "chair reeds" is limited to such reeds as are chiefly used in the manufacture of chairs, or consider the term a denominative one,

which includes a recognized article adapted to such use, the case must be reversed.

We rest the case upon the finding that the importer has failed to impeach the assessment by showing that the importation falls without paragraph 212.

Decision *reversed*.