GRASER-ROTHE *v.* UNITED STATES (No. 1686).[1]

REEDS MADE FROM RATTAN, HOW DUTIABLE.

> Reeds made from rattan, used, sometimes after being further processed and sometimes without such further treatment, in the manufacture of furniture, chairs, baby carriages, brooms, and some other articles, are not admissible free of duty as rough rattan sticks cut into lengths only under paragraph 648, tariff act of 1913; and, so far as this record shows, the collector's classification of them under paragraph 173 as chair canes manufactured from rattan is correct.

United States Court of Customs Appeals, May 23, 1916.

APPEAL from Board of United States General Appraisers, Abstract 39169.

[Affirmed.]

*B. A. Levett* for appellant.

*Bert Hanson,* Assistant Attorney General (*Thomas J. Doherty,* special attorney, of counsel), for the United States.

[Oral argument May 17, 1916, by Mr. Levett and Mr. Hanson.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

The merchandise in this case was assessed by the collector as chair canes manufactured from rattan under paragraph 173 of the act of 1913. The protest claimed free entry as "rough rattan sticks cut in lengths only" under paragraph 648 of the same act.

In the argument before this court the importer claims free entry upon the theory that the merchandise is "reeds, unmanufactured

---

[1] Reported in T. D. 36459 (30 Treas. Dec., 948).

* * * or not further advanced than cut into lengths," which is a prescribed free-entry condition in paragraph 648, which we quote:

648. Woods: Cedar, including Spanish cedar, lignum-vitæ, lancewood, ebony, box, granadilla, mahogany, rosewood, satinwood, and all forms of cabinet woods, in the log, rough, or hewn only, and red cedar (Juniperus virginiana) timber, hewn, sided, squared, or round; sticks of partridge, hair wood, pimento, orange, myrtle, bamboo, rattan, reeds unmanufactured,'india malacca joints, and other woods not specially provided for in this section, in the rough, or not further advanced than cut into lengths suitable for sticks for umbrellas, parasols, sunshades, whips, fishing rods, or walking canes.

We also here insert paragraph 173:

173. Chair cane or reeds wrought or manufactured from rattans or reeds, 10 per centum ad valorem; osier or willow, including chip of and split willow, prepared for basket makers' use, 10 per centum ad valorem; manufactures of osier or willow and willow furniture, 25 per centum ad valorem.

The importer contends that the merchandise is identical with that considered by this court in United States *v.* Winter & Smillie (4 Ct. Cust. Appls., 522; T. D. 33939). That case involved the construction of paragraphs 713 and 212 of the act of 1909, which, for the purposes of this case, are identical with those above quoted. There the board had found, and this court sustained the finding, that the merchandise was "the crudest form of reed imported." The judgment of the board that it was entitled to free entry was affirmed.

In the case at bar the board in its opinion states that the merchandise does not "appear to be the crudest form in which reeds are imported"; that "an examination of the official sample would seem to indicate that they are not the unmanufactured reeds contemplated in paragraph 648"; and that they are "generally used, without further treatment than to be cut into lengths, in the making of baby carriages and to some extent in the manufacture of chairs and other articles of furniture."

It is not necessary to recite the evidence upon which the board relied in reaching these conclusions. It was, as the board suggests, seemingly directed rather to the establishment of the fact that the reeds came from China, as did those involved in the Winter & Smillie case, than to the maintenance of the proposition that they were either rough rattan sticks cut into lengths only, or were reeds unmanufactured or not further advanced than cut into lengths.

The burden was upon the importer to show either that the imported merchandise was rough rattan sticks, etc., as stated in his protest, or was reeds unmanufactured or not further advanced than cut into lengths, as claimed here. It is obvious that this merchandise is not rough rattan sticks and equally apparent that it is reeds made from rattan. The record is entirely silent as to how these reeds are produced, except that one of importer's witnesses stated that he had heard that in China reeds were made by hand. Assuming this

to be true, clearly it does not establish that these reeds are unmanufactured, neither are we, upon an examination of the exhibits before us, whatever our belief may be on that subject, justified in *finding* that they are unmanufactured or not further advanced than cut into lengths. Neither can we say, upon the record here, that they are identical with the reeds involved in the Winter & Smillie case. It is true that the evidence in that case established (although that fact was not stated in the opinion because of no importance) that the reeds there under consideration were made in China. It also tended to show that they were principally used in the manufacture of brooms, could not be used for the manufacture of chairs or furniture, and could not by further processes of manufacture be made suitable for chair purposes.

In this case, as the board well says in its opinion, the importer has established by his proof that these reeds, in the condition in which they are imported, are used, sometimes after being further processed and sometimes without such further treatment, in the manufacture of furniture, chairs, baby carriages, brooms, and some other articles.

Upon this state of the record, and we are of course limited so far as the *facts* are concerned to what is established thereby, we think the judgment of the board must be affirmed.

In this view it becomes immaterial to consider importer's question of law, namely, that where an article is dutiable according to its use, such use must be determined as of the time the tariff act took effect.

The judgment of the Board of General Appraisers is *affirmed.*